United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60297
Summary Calendar

FRANK RAMSEY, JR.,

Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI; BOARD OF TRUSTEES OF BOLIVAR COUNTY
HOSPITAL DISTRICT OF BOLIVAR COUNTY, MISSISSIPPI; E.L. SPARKMAN,
Superintendent at Parchman; LARRY O. LEWIS, Circuit Court Judge;
BOLIVAR COUNTY CIRCUIT COURT; UNKNOWN MELLEN, District Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CV-403-MB
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank Ramsey, Jr., Mississippi prisoner # 05553, has filed a motion to proceed in forma pauperis ("IFP") on appeal challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). The district court dismissed Ramsey's 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983 complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and denied permission to proceed IFP on appeal.

Ramsey has failed to address the district court's reason for dismissal, and he has effectively waived the only issue relevant to his entitlement to IFP status on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if he had briefed this issue, any appeal would be frivolous. Ramsey may not challenge his conviction and sentence in a 42 U.S.C. § 1983 complaint unless his underlying criminal conviction has been found invalid. See Heck, 512 U.S. at 486-87. Ramsey has not shown that his conviction has been reversed, expunged, declared invalid, or otherwise called into question. See id.

This appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2. For purposes of the "three-strikes" provision of 28 U.S.C. § 1915(g), Ramsey had two strikes prior to this proceeding. See Ramsey v. Cleveland Police Department, No. 2:00-CV-237-B-B (N.D. Miss. Dec. 20, 2000); Ramsey v. Cleveland Police Department, No. 01-60100 (5th Cir. Dec. 12, 2001) (imposing two strikes). The district court's dismissal of Ramsey's complaint counts as an additional strike, and the dismissal of his appeal as frivolous counts as a fourth strike. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Ramsey may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.